IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| DENNIS PAUL NEAL, | ) |
|    Plaintiff, | ) |
| v. | ) No. 3:12-cv-938 |
| MELISSA FOSTER, LAURA KASTAN, DR, LOGAN, AMY REDD, CORRECT CARE SOLUTIONS, and DAVIDSON COUNTY SHERIFF'S OFFICE, | ) Judge Campbell |
|    Defendants. | ) |

### MEMORANDUM OPINION

Plaintiff Dennis Paul Neal, a state prisoner or pretrial detainee incarcerated at the Davidson County Sheriff's Office – Criminal Justice Center ("CJC") in Nashville, Tennessee, has filed a *pro se* complaint under 42 U.S.C. § 1983 (ECF No. 1) alleging that the medical staff employed by Correct Care Solutions ("CCS") and the Davidson County Sheriff's Office to provide medical care to inmates have been and remain deliberately indifferent to the plaintiff's serious medical needs. The plaintiff proceeds *in forma pauperis*. His complaint is before the Court for an initial review pursuant to 128 U.S.C. § 1915(e)(2)(B) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

### I. Factual Allegations

The plaintiff alleges that he has been incarcerated at the CJC since September 2011. Initially, he received "partial" seizure medications for epilepsy and was being treated for a severe leg injury. The medications and medical treatment were suddenly stopped on July 20, 2012, for no reason. Since that date, the plaintiff has filled out numerous sick-call requests and filed numerous grievances, to no avail. He has suffered over thirteen seizures as a result of the jail and medical staff's refusal and failure to provide proper medication. In addition, he was not taken to the hospital or examined by a medical professional after any of his seizures. He has spoken with jail administrator Dan Weikal concerning the problem, after which Mr. Weikal ordered CCS, the entity that is in contract with the Davidson County Sheriff's Office to provide medical care to inmates, to examine and to treat the plaintiff, but the staff at CCS refused to comply with this directive.

Instead, the plaintiff was told that he was on the list to see the doctor. More than forty days have passed since then, but the plaintiff still has not been examined or treated by a doctor. He alleges that the CCS staff's refusal to see him is in retaliation for his having filed a grievance, and that CCS has a pattern and practice of retaliating against inmates who file grievances related to their medical care by refusing or delaying treatment.

The plaintiff alleges that the CCS staff's failure to provide him appropriate medical treatment violates his civil rights. He seeks compensatory damages for pain and suffering and possible permanent damage resulting from CCS staff's failure to provide medication to provide proper medical treatment.

## II. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any portion of a civil complaint that (1) fails to state a claim upon which relief can be granted, or (2) is frivolous. The Sixth Circuit has confirmed that "the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),] governs dismissals for failure to state a claim under [§ 1915(e)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."' *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III. Analysis and Discussion

To state a claim under § 1983, a plaintiff must "identify a right secured by the United States Constitution and deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *West v. Atkins*, 487 U.S. 42, 48 (1988).

In this matter, the plaintiff names as defendants the CCS medical staff involved with the failure to provide him treatment, including Nurse Practitioner Melissa Foster, Director of Nursing Laura Kastan, Charge Nurse Amy Redd, and Dr. Logan. It appears the plaintiff may also intend to sue the Davidson County Sheriff's Office and CCS. The issues to be resolved on initial review of the complaint are (1) whether these individuals and entities are "persons acting under color of state law" who may be liable under § 1983 and (2) whether the plaintiff adequately alleges a deprivation of his civil rights by each defendant.

To the extent the plaintiff intended to name the Davidson County Sheriff's Office as a defendant, the claims against it are subject to dismissal. The law is clear that a sheriff's office is not an entity that may be sued under § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994); *see also Mathes v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:10–cv–0496, 2010 WL 3341889, at *2, *3 (M.D. Tenn. Aug.25, 2010) (noting that "since Matthews, federal district courts in Tennessee have frequently and uniformly held that police departments and sheriff's departments are not proper parties to a § 1983 suit" under Tennessee law, and therefore granting the motion to dismiss the § 1983 claim against the Davidson County Sheriff's Office). The § 1983 claims against the Davidson County Sheriff's Office are therefore subject to dismissal for failure to state a claim upon which relief may be granted.

The medical staff at the jail are persons who are deemed to be state actors who may be sued under § 1983. *West v. Atkins*, 487 U.S. 42, 56 (1988). In addition, the plaintiff has adequately alleged that these individuals have violated his constitutional rights. The Eighth Amendment, by its terms, prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. In its application by the courts, the Eighth Amendment actually protects a wide assortment of interests, and has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion).

The Constitution "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). On the other hand, it does not permit inhumane ones, and it is clear that "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well being," and to

"provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989). "Contemporary standards of decency require no less." *Estelle v. Gamble*, 429 U.S. at 103–04.

In *Estelle*, the Supreme Court concluded that, although accidental or inadvertent failure to provide adequate medical care to a prisoner would not violate the Eighth Amendment, "deliberate indifference to the serious medical needs of prisoners" violates the Eighth Amendment, because it constitutes the unnecessary and wanton infliction of pain contrary to contemporary standards of decency. *Id.* at 104. Under this analysis, what constitutes "unnecessary and wanton infliction of pain" will vary depending on the nature of the alleged constitutional violation, but the Supreme Court has clarified that the question of whether a prisoner's claim based on prison officials' failure to provide adequate medical care involves both a subjective and an objective component: The objective prong asks whether the harm inflicted by the conduct is sufficiently "serious" to warrant Eighth Amendment protection. *Hudson v. McMillian*, 503 U.S. 1, 8–9 (1992). The objective component is contextually driven and is responsive to "'contemporary standards of decency.'" *Id.* at 8 (quoting *Estelle*, 429 U.S. at 103). The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Deliberate indifference "entails something more than mere negligence," *Farmer*, 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Based on these standards, to state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106.

The Court finds in this case that the plaintiff alleges objectively serious enough conditions to state a cognizable claim, specifically, untreated seizure disorder and a serious leg injury. In addition, the facts as alleged by the plaintiff give rise to an inference of deliberate indifference on the part of CCS's medical staff who were directly involved in the provision of, or failure to provide, medical care to the plaintiff.

Correct Care Solutions itself is also subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contractually delegated. *West v. Atkins*, 487

-4-

Case 3:12-cv-00938   Document 3   Filed 09/21/12   Page 4 of 5 PageID #: 14

U.S. 42, 56 (1988). However, the plaintiff must show that the clinic itself should be liable on the basis of its own actions and not on the basis of its employees' actions, because "[r]*espondeat superior* is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir.2006). In the present complaint, the plaintiff's allegations, construed very broadly, reasonably give rise to an inference that CCS itself has a custom or policy of delaying necessary medical care to inmates, and that the entity itself authorized, approved, or knowingly acquiesced in the decision to deny him access to care within a reasonable period of time after he demonstrated a serious need for medical care. *Cf. Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.1984) ("At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."). Thus, the allegations in the complaint reasonably give rise to the inference that CCS actively engaged in the behavior to which the plaintiff objects.

In sum, the Court finds, for purposes of the initial screening, that the plaintiff has alleged facts sufficient to establish that CCS, Melissa Foster, Laura Kastan, Amy Redd, and Dr. Logan may be liable to the plaintiff under § 1983 for deliberate indifference to the plaintiff's serious medical needs, in violation of his rights under the Eighth Amendment.

**IV.  Conclusion**

For the reasons set forth herein, the complaint will be dismissed as to the Davidson County Sheriff's Office. The claims against the remaining defendants will be permitted to proceed. An appropriate order will enter.

_____
Todd Campbell
United States District Judge